UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| ANGELA JO MOORE and <br> M. PORTER MOORE, <br><br> Plaintiffs, <br><br> v. <br><br> MORTGAGE ELECTRONIC <br> REGISTRATION SYSTEMS, INC., <br> SAXON MORTGAGE SERVICES, INC., <br> OCWEN LOAN SERVICING, LLC, <br> AND TITANIUM SOLUTIONS, INC. <br><br> Defendants | Civ. No. 10-CV-00241-JL |

## AMENDED COMPLAINT

**NOW COME** the Plaintiffs, Angela Jo Moore and M. Porter Moore, by and through their attorneys, Bostock Law, PLLC, who hereby submit this Amended Complaint in the above-captioned matter.

### JURISDICTION, VENUE & STATEMENT OF THE CASE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (2010) because the amount in controversy exceeds $75,000.00 and because the parties are citizens of different states.

2. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the property that is the subject of this action is situated within this judicial district.

3. This matter arises out of various actions and efforts taken by the above-named entities to collect on a mortgage and foreclose on the Plaintiffs' real property.

**PARTIES**

4. Plaintiff Angela Jo Moore is an individual with a residential address of 2 Elm Hill Road, Town of Sandwich, County of Carroll, State of New Hampshire.

5. Plaintiff Michael Porter Moore is an individual with a residential address of 2 Elm Hill Road, Town of Sandwich, County of Carroll, State of New Hampshire.

6. Mortgage Electronic Registration Systems, Inc. ("MERS") has no current registration with the New Hampshire Secretary of State. Upon information and belief, MERS is a foreign corporation with a principal office address of 1818 Liberty Street, Suite 300, Reston, Commonwealth of Virginia 20190.

7. Saxon Mortgage Services, Inc. ("Saxon" or "Saxon Mortgage") is a foreign corporation, organized under the laws of the State of Texas, with a principal office address of 4708 Mercantile Drive North, Fort Worth, State of Texas 76137. Saxon's registered agent in New Hampshire is Prentice-Hall Corporation System, Inc., with an office address of 14 Centre Street, City of Concord, State of New Hampshire 03301.

8. Ocwen Loan Servicing, LLC ("Ocwen") is a foregoing limited liability company, organized under the laws of the State of Delaware, with a principal office address of 1661 Worthington Road, Suite 100, West Palm Beach, State of Florida 33409. Ocwen's registered

agent in New Hampshire is Lawyers Incorporating Service, with an office address of 14 Centre Street, City of Concord, State of New Hampshire 03301.

9.  Titanium Solutions, Inc. ("Titanium") is a foreign corporation, organized under the laws of the State of Colorado, with a principal office address of 5225 W Wiley Post Way, Suite 150, Salt Lake City, State of Utah 84116.   Titanium's registered agent in New Hampshire is Lawyers Incorporating Service, with an office address of 14 Centre Street, City of Concord, State of New Hampshire 03301.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.  In 2006, Angela Jo Moore borrowed the sum of $452,000.00 from WMC Mortgage to refinance the real property located at 2 Elm Hill Road in Sandwich, New Hampshire.

11.  Angela Jo Moore was responsible for paying the broker approximately $22,588.00 in fees for the closing of the transaction. Upon information and belief, Plaintiff M. Porter Moore was not listed as a mortgagor on this property.

12.  Monthly mortgage payments were initially sent to Litton Loan Servicing. On or around April 2007, Mrs. Moore was notified that the mortgage was being assumed by Saxon Mortgage Services, Inc.

13.  On or about May 5, 2009, Mrs. Moore received a letter from Saxon Mortgage informing her that her loan was in default and that foreclosure proceedings had been initiated against Mrs. Moore and her husband.

14.  Saxon Mortgage subsequently encouraged Mrs. Moore to pursue a loan modification through Titanium. Mrs. Moore attempted to do so. Upon information and belief, Titanium referred the loan modification application back to Saxon Mortgage without rendering a decision on the application.

15.  On or about October 30, 2009, Saxon Mortgage authored a letter to Mrs. Moore informing her that her loan would be assumed by Ocwen.

16.  Ocwen encouraged the Petitioners to pursue a loan modification. Though the Plaintiffs had previously submitted a modification application without receiving a decision, the Petitioners requested that the application materials for a loan modification be sent to them on more than one occasion. Ocwen failed to send the requested application materials to the Plaintiffs.

17.  Beginning on or about December 8, 2009, Ocwen repeatedly contacted the Moore family each day, citing efforts to collect on the loan. One or more of the Plaintiffs informed the caller(s) that a modification application had been submitted. Nonetheless, attempts to collect on the loan continued and calls continued to be made to the Plaintiffs by Ocwen and/or its representatives.

18.  At various times after the Plaintiffs had initially sought a loan modification, the Plaintiffs made inquiries about the status of their modification application. Defendants Saxon and/or Ocwen, or their respective agents or representatives, informed that Plaintiffs that the application was being processed. At various times when the Plaintiffs had contacted the Defendants telephonically to make such inquiries, Defendants Saxon and/or Ocwen, or their respective agents or representatives did not represent to the Plaintiffs that additional information was required in order to complete the processing of the Plaintiffs' application.

19.  On or about February 20, 2010, both Mrs. Moore and Mr. Moore each received a Notice of Mortgage Foreclosure Sale from Harmon Law Offices. The Notice of Mortgage Foreclosure Sale indicated that the sale was being conducted on behalf of the "present holder of the mortgage" DEUTSCHE BANK NATIONAL TRUST COMPANY, AS Trustee for the

registered holders of MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE5 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE5.

20.  In a letter dated February 2, 2010 from Harmon Law Offices, Attorney Wayne George stated that Harmon represented Ocwen.

21.  Due to understandable confusion as to who actually held the note, the Plaintiffs (*pro se*) sought injunctive relief in the Superior Court for Carroll County, New Hampshire on or about March 17, 2010. See Moore et al. v. MERS, Inc. et al, Carroll County Superior Court, Docket No. 2010-CV-52).

22.  At the hearing, upon information and belief, counsel for the MERS made an offer of proof that the Plaintiffs had not yet submitted all of the necessary paperwork in order to pursue a loan modification.

23.  The Court (Houran, J.) denied the Plaintiffs' request for injunctive relief, stating in part that the Plaintiffs had an alternative remedy. Id. Specifically, the Court indicated that the Plaintiffs had yet to submit all of the paperwork for a loan modification application.

24.  Mr. and Mrs. Moore subsequently sought advice of legal counsel. On May 17, 2010, the Plaintiffs, through counsel, again sought injunctive relief to enjoin the foreclosure. At that time, a Writ of Summons was also filed on behalf of the Plaintiffs against MERS, Saxon and Ocwen.  At the time that the Writ of Summons was filed, upon information and belief of the Plaintiffs, all necessary paperwork had been filed in order for a decision to be rendered on their application for modification. The Court (Houran, J.) granted an injunction *ex parte* and scheduled a hearing for May 25, 2010.

25.  At the May 25, 2010 hearing, the parties were represented by counsel. Counsel for MERS made an offer of proof that the loan modification application had been denied. Upon

5

further colloquy with the Court and counsel for the Plaintiffs, counsel for MERS made an offer of proof that the application had been denied due to lack of additional information required from the Plaintiffs.

26. Additional facts to support the Plaintiffs' claims are anticipated to be presented upon initiation of the discovery process. In particular, specific dates of telephonic inquiries made by the Plaintiffs are expected to be ascertained following minimal discovery efforts.

**COUNT I**
**Violation of Truth in Lending Act (TILA) against Saxon, Ocwen and Titanium**
**15 U.S.C. § 1601(a) et seq.**

27. The plaintiffs repeat, re-allege and fully incorporate herein the facts and allegations in paragraphs 1 through 26 above.

28. The transaction or transactions at issue in this case are consumer credit transactions within the meaning of 15 U.S.C. §§ 1601 and 1635, and Regulation Z 12 C.F.R. §§ 226.2 and 226.23.

29. The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of the TILA and Regulation Z in the following and other respects:

    a. By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b).

    b. By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632 (a) and Regulation Z § 226.17(a).

    c. By reason of the aforesaid violations of TILA and Regulation Z thereof, defendants are liable to plaintiffs in the amount of twice the finance charge, actual damages to be established at trial, and attorneys fees and costs in accordance with

15 U.S.C. § 1640.

## COUNT II
## Violation of the Fair Debt Collection Practices Act (FDCPA)
## against Saxon, Ocwen and Titanium
## 15 U.S.C. § 1692 et seq.

30. The plaintiffs repeat, re-allege and fully incorporate herein the facts and allegations in paragraphs 1 through 29 above.

31. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, provisions of the FDCPA, 15 U.S.C. § § 1692e (false or misleading representations) and 1692f (unfair practices) by engaging in a course of conduct, knowing that a loan modification application was in process, Ocwen acted in an unfair, deceptive on unreasonable manner in violation of the FDCPA.  Furthermore, Titanium participated in this unfair, deceptive or unreasonable manner in conjunction with Ocwen and at the direction of Ocwen.

32. The Plaintiffs have been and continue to be damaged by the defendants' violation of FDCPA,  Not only do the Plaintiffs face the foreclosure sale on their home, but the Plaintiffs also have and continue to incur legal costs associated with this action to protect their statutory, common-law and legal rights. Such action by the defendants is to the damage of the Plaintiffs within the jurisdictional limits of this Court.

33. As a result of each and every defendant's violations of the FDCPA, Plaintiffs are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant herein.

## COUNT III
### Violation of RSA 358-C alleged against Ocwen

34. The plaintiffs repeat, re-allege and fully incorporate herein the facts and allegations in paragraphs 1 through 33 above.

35. No debt collector shall collect a debt in an unfair, deceptive or unreasonable manner as defined in this chapter. RSA 358-C:2.

36. Furthermore, any debt collection attempt to collect a debt shall be deemed unfair, deceptive or unreasonable if the debt collector: "I. Communicates or attempts to communicate with the debtor, orally or in writing: (a) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously or at unusual times known to be inconvenient with the intent to abuse, oppress or harass any person at the called number…" RSA 358-C:3.

37. Defendant Ocwen engaged in unfair debt collection practices in violation of RSA 358-C. By repeatedly attempting to contact the Plaintiffs, knowing that a loan modification application was in process, the Defendant acted in an unfair, deceptive on unreasonable manner in violation of New Hampshire law.

38. The Plaintiffs have been and continue to be damaged by the Defendant's violation of RSA 358-C. Not only do the Plaintiffs face the foreclosure sale on their home, but the Plaintiffs also have and continue to incur legal costs associated with this action to protect their statutory, common-law and legal rights. Such action by the Defendant(s) is to the damage of the Plaintiffs within the jurisdictional limits of this Court.

## COUNT IV
### Breach of Implied Covenant of Good Faith and Fair Dealing against Saxon, Ocwen and Titanium

39. The plaintiffs repeat, re-allege and fully incorporate herein the facts and allegations in paragraphs 1 through 38 above.

40. In New Hampshire, every agreement contains an implied covenant that the parties will act in good faith and fairly with one another. Richard v. Good Luck Trailer Court, 157 N.H. 67, 70 (2008).

41. Good faith and fair dealing required Defendant Ocwen from repeatedly contacting Plaintiffs each day, citing efforts to collect on the loan despite Plaintiffs informing Ocwen of a modification being pursued. These attempts to collect on the loan continued despite the active pursuit by Plaintiffs for a modification.

42. Good faith and fair dealing required obligated Ocwen to provide Plaintiffs with accurate and up-to-date information regarding the status of the modification application. Defendants Saxon and/or Ocwen, or their respective agents or representatives, informed that Plaintiffs that the application was being processed. At various times when the Plaintiffs had contacted the Defendants telephonically to make such inquiries, Defendants Saxon and/or Ocwen, or their respective agents or representatives did not represent to the Plaintiffs that additional information was required in order to complete the processing of the Plaintiffs' application.  Without further detail or explanation, the matter went to foreclosure.

## COUNT V
**Fraud against Saxon and Ocwen**

43. The plaintiffs repeat, re-allege and fully incorporate herein the facts and allegations in paragraphs 1 through 42 above.

44. To establish fraud in New Hampshire, the Plaintiffs must prove that the Defendant made a fraudulent representation for the purpose or with the intention of causing the plaintiffs to

9

act upon it. Proctor v. Bank of New Hampshire, 123 N.H. 395, 399 (1983). Furthermore, the tort of fraud must be proved by showing that the representation was made with knowledge of its falsity or with conscious indifference to its truth and with the intention of causing another person to rely on it. Patch v. Arsenault, 139 N.H. 313, 319 (1995).

45. In their dealings with the Plaintiffs, Defendants Saxon and Ocwen made representations to the Plaintiffs that the application submitted by the Plaintiffs was in process. The Plaintiffs made telephonic inquiries to the Defendants. The Defendants, or their agents or representatives indicated to the Plaintiffs that the application was in process. The Defendants, or their agents or representatives, each on separate occasions represented to the Plaintiffs that no additional information was required in order for the modification application to be completed. The Defendants, or their agents or representatives, caused the Plaintiffs to rely on the statement(s) and knew that such statements were false or made such statements with conscious indifference to the truth of the statement(s).

46. As a proximate result of such actions by the Defendants, the Plaintiffs have been and continue to be damaged. Not only do the Plaintiffs face the foreclosure sale on their home, but the Plaintiffs also have and continue to incur legal costs associated with this action to protect their statutory, common-law and legal rights. Such actions by the Defendant(s) are to the damage of the Plaintiffs within the jurisdictional limits of this Court.

## COUNT VI
## Fraud in the Inducement against Ocwen

47. The plaintiffs repeat, re-allege and fully incorporate herein the facts and allegations in paragraphs 1 through 46 above.

48. The requirements for common law fraud are:

    a.      A false statement of material fact;

    b.      The party making it knew or believed it to be untrue;

    c.      The party to whom the statement was made had a right to rely on the statement;

    d.      The party to whom the statement was made did rely on the statement;

    e.      The statement was made for the purpose of inducing the other party to act; and

    f.      The reliance by the person to whom the statement was made led to that party's injury.

49. Defendant Ocwen meets each of these common law fraud elements. Specifically, a) they made several false statements of material fact by informing the Plaintiffs that the modification process was pending and ongoing; b) they knew their statements were not true; c) the Plaintiffs, homeowners, had a right to rely on the statement; d) the Plaintiffs did rely on the statement(s); e) the Plaintiffs were induced to act on the false statements of material fact made by Ocwen; and f) the Plaintiffs have been materially, substantially, and irrevocably injured by the misrepresentations.

50. Defendant Ocwen's representation that Plaintiffs should seek a modification with Titanium was a material fact in that the Plaintiffs would not have conducted themselves or attempted a modification with Titanium as they did, had they known this modification would lead to nowhere other than a foreclosure sale.

**COUNT VII**
**Common law Negligence against Saxon and Ocwen**

51. The plaintiffs repeat, re-allege and fully incorporate herein the facts and allegations in paragraphs 1 through 50 above.

52. To establish negligence in New Hampshire, a plaintiff must show that the defendant owed a duty, the defendant breach its duty, and the breach proximately caused injury to the Plaintiff. See generally Macie v. Helms, 156 N.H. 222 (2007); Carignan v. New Hampshire International Speedway, Inc., et al., 151 N.H. 409 (2004).

53. The Defendants Saxon and Ocwen assumed a duty to exercise reasonable care in dealings with the plaintiff when they encouraged and invited the Plaintiffs to pursue a loan modification.

54. The Defendants acted negligently by encouraging the plaintiffs to apply for a loan modification, but failing repeatedly to process the modification application. Saxon, by itself or through its agent, Titanium Solutions, breached their duties by failing to process the modification application(s) submitted by the Plaintiffs. Saxon further breached its duties by informing the Plaintiffs that the application was being processed when the Plaintiffs made telephonic inquiries as to the status of the application. Saxon further breached its duties by failing to inform the Plaintiffs that additional information was required when the Plaintiffs made telephonic inquiries as to the status of their application. Saxon further breached its duties by transferring servicing of the loan to Ocwen without processing the modification application, or at least forwarding the modification application to Ocwen.

55. Ocwen similarly breached its duties to the Plaintiffs by failing to process the loan modification application(s) submitted by the Plaintiffs, by informing the Plaintiffs that the application was being processed when the Plaintiffs made telephonic inquiries, and by failing to inform the Plaintiffs that additional information was required in order to complete the application.

56. As a proximate result of such actions by the Defendants, the Plaintiffs have been and continue to be damaged. Not only do the Plaintiffs face the foreclosure sale on their home, but the Plaintiffs also have and continue to incur legal costs associated with this action to protect their statutory, common-law and legal rights. Such actions by the Defendant(s) are to the damage of the Plaintiffs within the jurisdictional limits of this Court.

## DEMAND FOR JURY TRIAL

57. The plaintiffs repeat, re-allege and fully incorporate herein the facts and allegations in paragraphs 1 through 56 above.

58. Pursuant to Fed. R. Civ. P. 38(b), the Plaintiffs hereby demand a trial by jury of all issues raised in this Complaint triable by a jury.

## PRAYER FOR RELIEF

A.   Award actual damages as to be determined at trial; and

B.   Award such other damages, punitive damages, and other equitable relief as the Court deems appropriate.

Dated this 13th day of September, 2010.

                Respectfully submitted,

                **ANGELA JO MOORE and**
                **M. PORTER MOORE**,
                By their attorneys,

                BOSTOCK LAW, PLLC

By:      /s/ Patrick J. Arnold
                Patrick J. Arnold, Esq.

>NH Bar No. 19610
>92 Portsmouth Avenue, Suite 14
>Exeter, New Hampshire 03833
>(603) 772-2400
>Patrick.Arnold@BostockLaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document and any attachments filed through the ECF system will be sent electronically this day to the registered participants as identified in the Notice of Electronic Filing.

Dated: September 13, 2010      /s/ Patrick J. Arnold
                               Patrick J. Arnold, Esq.