UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ANGELA JO MOORE and )<br>M. PORTER MOORE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MORTGAGE ELECTRONIC )<br>REGISTRATION SYSTEMS, INC., )<br>SAXON MORTGAGE SERVICES, INC., )<br>OCWEN LOAN SERVICING, LLC, )<br>HARMON LAW OFFICES, )<br>WMC MORTGAGE CORP., )<br>DEUTSCHE BANK NATIONAL TRUST )<br>COMPANY, AS TRUSTEE )<br>MORGAN STANLEY ABS CAPITAL I )<br>HOLDING CORP., )<br>AND )<br>MORGAN STANLEY ABS CAPITAL I )<br>INC. TRUST 2007-HE5 )<br>)<br>Defendants )<br>) | Civ. No. 10-CV-00241-JL |

## MOTION TO RECONSIDER PLAINTIFFS' ASSENTED MOTION TO ENLARGE FILING TIME FOR MOTION TO RECONSIDER

   **NOW COME** the Plaintiffs, Angela Jo Moore and M. Porter Moore, pro se, who ask

that this Honorable Court reconsider its order denying them additional time to file their

Motion To Reconsider the Court's Order on dismissal dated January 27, 2012 in the

above captioned matter. In support whereof, Plaintiffs state as follows;

   1. On January 27, 2012 the Honorable Judge Laplante issued his order on

1

Defendants' assorted motions to dismiss. Pursuant to court rules, the Plaintiffs had fourteen days to file a motion for reconsideration making the motion due by Friday, February 10, 2012.

2. On February 03, 2012 due to Plaintiffs being pro se, not having staff to assist them, not having unfettered access to a law library or online legal research such as Lexis and as the Plaintiffs' entire household was experiencing a stomach/intestinal type flu and an upper respiratory illness, as well as Mr. Moore having been scheduled to travel for business, the Plaintiffs requested a fourteen day continuance and all parties assented to the relief requested.

3. Presently Mr. Moore is traveling out of state for work and is not scheduled to return until Monday, February 20, 2012.

4. Plaintiffs were not aware of any rule or requirement that they were required to state and/or disclose in a motion seeking to enlarge the filing time on a motion to reconsider the reasons for seeking said motion to reconsider the Court's (in this case January 27, 2012) order, nor did the Court reference any specific rule in its denial. That notwithstanding, the Plaintiffs apologize for any misstep they may have taken in failing to take into account such a rule or requirement should it exist.

5. While the Plaintiffs acknowledge the tremendous time, effort and approach the Court took during, both the oral argument and in the length and detail of the it's January 27, 2012 Order on the same, the Plaintiffs' main issue that they would pray this Honorable Court reconsider is its position stating that the Plaintiffs failed to plead showing the existence of a contract.

6. It is the Plaintiffs position that a mortgage, which is collateral for a note, is

identified as a contract under both State and Federal law and as such, even though the Plaintiffs may not have specifically referred to it as a "contract", it does not change that it is in fact a contract and that all parties understood it to be one.

7. As a result of their position that a mortgage is a contract, they were further planning on requesting that this Honorable Court reconsider it's position on all counts denied for the Plaintiffs' failure to show any duty owed to them by the Defendants since the Plaintiffs' position is that the duty was owed by virtue of the existence of the mortgage contract.

8. Lastly, the Plaintiffs require time to research an appropriate response/legal basis to their count for Agency Superior being denied because it is the Plaintiffs' position that as they were forced into relationships with all of the Defendants in this issue aside from the originating entity and as the originating entity hired/contracted and/or otherwise engaged the services that the other Defendants offered, they should be held liable for their conduct.

9. The Plaintiffs would further pray that this motion to reconsider the Court's denial of their motion to extend their filing deadline, should it be granted, not in any way be used to foreclose them from asserting any other positions they may find in the scope of asking the Court to reconsider its January 27, 2012 Order on dismissal.

10. Due to the nature of this motion, concurrence has not been sought.

**WHEREFORE**, Plaintiffs respectfully request, for all the reasons stated above, that this Honorable Court;

    A.  Reconsider its denial of the Plaintiffs' Assented Motion To Enlarge the filing time Plaintiffs have to file their Motion To Reconsider until Friday, February 24, 2012; and

    B.  That the Plaintiffs not be limited to seeking a motion to reconsider solely on the issues raised in this Motion To Reconsider Plaintiffs' Assented Motion To Enlarge Filing Time For Motion To Reconsider; and

    C.  Grant such other relief as is just and appropriate.

Dated this 07th day of February, 2012.

                      Respectfully submitted,

By:  /s/Angela Jo Moore,
      Angela Jo Moore, pro se
      2 Elm Hill
      Sandwich, NH 03227
      (603) 236-9155
      porter.moore@gmail.com

By:  /s/ M. Porter Moore
      M. Porter Moore, pro se
      2 Elm Hill
      Sandwich, NH 03227
      (603) 236-9155
      porter.moore@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document and any attachments filed through the ECF system will be sent electronically this day to the registered participants as identified in the Notice of Electronic Filing.

Dated: February 07, 2012

                                            /s/Angela Jo Moore, pro se

5

__/s/M. Porter Moore, pro se__