```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Angela Jo Moore and M. Porter
Moore

    v.                                    Civil No. 10-cv-241-JL

Mortgage Electronic Registration
Systems, Inc., et al.


### O R D E R

Plaintiffs Angela Jo Moore and M. Porter Moore filed this action in Carroll County Superior Court on May 20, 2010, and the defendants removed it to this court shortly thereafter. The Moores subsequently amended their complaint several times, and filed the ultimate version of the complaint--the Third Amended Complaint--on April 12, 2011. After the court pared down the Moores' claims in response to the defendants' motions to dismiss, the defendants filed answers to that complaint in February 2012.

In addition to filing an answer to the Moores' Third Amended Complaint, defendant Deutsche Bank National Trust Company filed a counterclaim against the Moores for breach of contract and unjust enrichment. See document no. 96. The Moores filed a motion to dismiss the counterclaim, see document no. 101, which the court denied on March 15, 2012. After that, the counterclaim made no further appearance in the case. The Moores did not file an answer to the counterclaim, but Deutsche Bank did not request the

entry of default or a default judgment.  The parties' joint proposed discovery plan made no mention of the counterclaim, see document no. 112, nor did any later document filed by any party.  That includes Deutsche Bank's own motion for summary judgment, which addressed only the Moores' claims, see document no. 123, and its reply memorandum in support thereof, see document no. 135.  No party made mention of the counterclaim at oral argument on the defendants' various motions for summary judgment.

Following the parties' lead, the court itself overlooked the counterclaim, and, after granting the defendants' motions for summary judgment, directed the clerk to "enter judgment accordingly and close the case," see Moore v. Mortg. Elec. Registration Sys., 2013 DNH 065, at 25, which he did.  That was procedurally improper, as the counterclaim still remained pending (at least nominally).  Unsurprisingly, though, no party has objected.  Although any claim of error has arguably been waived, out of an abundance of caution the court finds it necessary to put this issue to bed.  Deutsche Bank's counterclaim is dismissed without prejudice for failure to prosecute in light of the above recitation, see Fed. R. Civ. P. 41(b)-(c), but may be reinstated within 14 days upon a showing of good cause.

The clerk shall enter an amended judgment in accord with this order.  The case will remain closed.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 14, 2013

cc: Stephen T. Martin, Esq.
    David E. Fialkow, Esq.
    Michael R. Stanley, Esq.
    Brian S. Grossman, Esq.
    Peter G. Callaghan, Esq.
    Scott C. Owens, Esq.